IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN JEROME CLARK,

     Plaintiff,

     v.

SERGEANT BENZINGER, et al.,

     Defendants.

No. C 09-6006 JSW (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

1    of the claim showing that the pleader is entitled to relief." "Specific facts are not

2    necessary; the statement need only "'give the defendant fair notice of what the . . . . claim

3    is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200

4    (2007) (citations omitted). Although in order to state a claim a complaint "does not need

5    detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his

6    'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

7    recitation of the elements of a cause of action will not do. . . . Factual allegations must

8    be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

9    *Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer

10    "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se

11    pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

12    699 (9th Cir. 1990).

13        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

14    (1) that a right secured by the Constitution or laws of the United States was violated, and

15    (2) that the alleged violation was committed by a person acting under the color of state

16    law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

17                       **LEGAL CLAIMS**

18        Plaintiff alleges that Defendants, four police officers from an unspecified police

19    department, arrested him. According to Plaintiff, Defendants "fabrecated (sic)" charges

20    against him based on Defendant Sergeant Bensinger's false report that during the course

21    of the arrest Plaintiff had a 10-inch kitchen knife in his hand. He alleges that no

22    weapons were drawn during the arrest, and the other Defendants never saw him in

23    possession of any weapon. Plaintiff alleges that the false charges were dropped. As a

24    remedy, Plaintiff seeks to have Defendants charged with various crimes under the

25    California Penal Code.

26        To begin with, it is unclear what claim, if any, Plaintiff could state against

27    Defendants based on the allegations. While Plaintiff alleges that Defendants falsely

28    charged him with holding a weapon, but he also alleges that the charges were dropped.

1    In any case, the remedy Plaintiff seeks is not available. The authority to charge and

2    prosecute individuals for violating California criminal law rests with the local District

3    Attorney, not with the courts, and particularly not the federal court. *See United States v.*

4    *Batchelder*, 442 U.S. 114, 124 (1979) (whether to prosecute and what criminal charges to

5    file or bring are decisions that rest in the prosecutor's, not the court's, discretion). As the

6    allegations in the complaint do not state a cognizable claim for relief, and the relief

7    sought therein is not, in any event, available to Plaintiff, the complaint will be dismissed.

8                                    **CONCLUSION**

9       For the foregoing reasons, this action is DISMISSED for failure to state a

10    cognizable claim for relief.

11       The Clerk shall close the file and enter judgment in favor of Defendants.

12       IT IS SO ORDERED.

13    DATED:   NOV 1 0 2010

14

15                             JEFFREY S. WHITE
                                  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN JEROME CLARK,

            Plaintiff,

   v.

BENZINGER et al,

            Defendant.
_____/

Case Number: CV09-06006 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Jerome Clark
G37628
San Quentin State Prison
San Quentin, CA 94974

Dated: November 10, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk